## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WENDELL A. MARTIN (#72879)**                    **CIVIL ACTION NO.**

**VERSUS**                                        **19-370-SDD-EWD**

**K. PALLAD, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WENDELL A. MARTIN (#72879)**                          **CIVIL ACTION NO.**

**VERSUS**                                                              **19-370-SDD-EWD**

**K. PALLAD, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Complaint of Wendell A. Martin ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that this matter be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### I.      Background

Plaintiff brings this suit against K. Pallad ("Pallad") and James LeBlanc ("LeBlanc") under 42 U.S.C. § 1983, alleging Pallad treated him with deliberate indifference and that money was wrongfully taken from his inmate accounts for "sick calls."[2] Plaintiff requests monetary and injunctive relief.[3]

### II.     Law & Analysis

#### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1, pp. 5 & 7.

similar standards for dismissal.[4]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5]  A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6]  The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[10]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

---

[4] § 1915(e) provides a procedural mechanism for dismissal of actions against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*. § 1915A provides a procedural mechanism for dismissal of claims by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on June 19, 2019 (R. Doc. 5) so both statutes apply.
[5] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton,* 504 U.S. at 32.
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[10] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *Id.*

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[13]

### B. Plaintiff has Failed to State a Claim for Deliberate Indifference against K. Pallad

To establish a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial amounted to "subjective recklessness as used in the criminal law."[14] *Farmer* lays out an objective prong and a subjective prong.[15] The objective prong requires a plaintiff to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[16] Under the subjective prong, a plaintiff must show that prison officials acted with a "sufficiently culpable state of mind."[17] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[18] Whether the plaintiff has received the treatment or accommodation that he believes he should have is not sufficient absent exceptional circumstances.[19] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[20] Further, a mere

---

[13] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[14] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[15] *Id*. at 837.
[16] *Id*. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[17] *Id.*
[18] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*.
[19] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[20] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

3

delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[21]

Plaintiff's sole allegation against Pallad regarding medical care is that, on June 13, 2018, she arrived "late" to Plaintiff's sick call request and did not take Plaintiff's vital signs.[22] According to Plaintiff, the sick call was related to swelling in his arms, legs, and feet due to fluid.[23] Plaintiff does not allege that he suffered any harm as a result of Pallad not taking his vital signs, and merely refusing to check an inmates vital signs does not alone establish a claim for deliberate indifference.[24] Further, Plaintiff admits that he was seen and treated after June 13, 2018. First, approximately 54 hours after his encounter with Pallad, he "sought and procured treatment for his high blood pressure and breathing problems."[25] Although Plaintiff goes on to say that, at that time, he was not treated for "his arms, legs and feet swelling of fluid,"[26] less than two weeks after Plaintiff's encounter with Pallad, Plaintiff was seen and treated by a doctor for these complaints.[27]

A delay in providing medical care is not a violation of any constitutional right unless it results in substantial harm.[28] Delays in treatment of 54 hours and twelve days, are generally insufficient to state a claim of constitutional dimension.[29] Further, Plaintiff has not alleged resulting substantial harm. To the extent Plaintiff is dissatisfied with the medical care rendered,

---

[21] *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[22] R. Doc. 1, p. 4.
[23] R. Doc. 1, pp. 4 & 6.
[24] *See Brown v. Michael*, No. 04-2383, 2006 WL 1896064 (W.D. La. June 13, 2006) (dismissing as frivolous a claim for deliberate indifference where nurse refused to check vital signs of an inmate, but the inmate was later treated).
[25] R. Doc. 1, p. 6.
[26] *Id.*
[27] *Id.*
[28] *Mendoza*, 989 F.2d at 195.
[29] *Cf. Carter v. Lafourche Parish Sheriff's Office*, No. 13-4896, 2013 WL 5969655, at *7 (E.D. La. Sept. 13, 2013) (a delay of two or three weeks in receiving the medical care desired by the plaintiff and his dissatisfaction with the overall speed, quality, and effectiveness of treatment did not rise to the level of deliberate indifference necessary to establish a constitutional violation). *Morgan v. Mississippi*, Civil Action No. 07-15, 2009 WL 1609060, at *7 (S.D. Miss. June 8, 2009) (delay of approximately two weeks does not violate the constitution when the delay does not cause substantial harm).

mere "dissatisfaction with the treatment he received is not sufficient to establish a constitutional violation."[30]

### C. Plaintiff has Failed to State a Claim Regarding the Charging of a Fee for Medical Services or Regarding a Pay Raise for Inmates

Inmates are not entitled to free medical care, so the mere fact that Plaintiff was charged a fee fails to state a claim of constitutional dimension.[31]  The allegedly improper withdrawal of funds from Plaintiff's account is a loss of property claim,[32] to the extent that inmates even have a protected property interest in their funds in prison accounts.[33]  To that end, Plaintiff received notice from Pallad that funds would be withdrawn from his account for medical treatment,[34] and Plaintiff was aware the sick call would result in a charge to his account.  Even if the notice given to Plaintiff was insufficient, he fails to state a claim.

Pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.[35]  Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.[36]  In the instant case, Plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate.  To the contrary, it is recognized that Louisiana

---

[30] *Lemar v. LeBlanc*, No. 12-340, 2012 WL 4024561, at *3 (M.D. La. Aug. 22, 2012).

[31] *Morris v. Livingston*, 739 F.3d 740, 748-49 (5th Cir. 2014) ("[T]here is no general constitutional right to free health care.  [T]he Eighth Amendment does not compel prison administrators to provide cost-free medical services.") (internal quotation marks and citations omitted).

[32] *See Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996).

[33] *Morris*, 739 F.3d at 750 (assuming, without deciding, that prisoners have a protected property interest in their prion trust fund accounts).

[34] R. Doc. 1, p. 4 (During the June 13, 2018 sick call, "According to Defendant [Pallad], she was charging [Plaintiff] $3.00 because she didn't know whether or not these were re-occurring illnesses.").

[35] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981).  This is commonly referred to as the "Parratt/Hudson Doctrine."

[36] *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).  *See also, Batiste v. Lee*, No. 09-674, 2009 WL 2708111 (W.D. La. Aug. 26, 2009) (dismissing pro se prisoner's claims for deprivation of property as frivolous and for failing to state a claim based on the *Parratt/Hudson Doctrine*)

state law provides ample remedies under which Plaintiff could proceed against Defendants for recovery of his property or for reimbursement for its loss.[37]   Accordingly, Plaintiff's claims regarding funds being taken from his account are without constitutional merit.

Construing Plaintiff's Complaint broadly, it appears Plaintiff may be alleging that inmates are not sufficiently compensated for their work.  This allegation also fails to state a claim of constitutional dimension.  Prisons have discretion to determine what, if any, pay inmates will receive for their labor because it is not unconstitutional to compel an inmate to work even without pay.[38]  "The Thirteenth Amendment specifically allows involuntary servitude as punishment after conviction of a crime."[39]  Further, the Fifth Circuit has held that "compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state."[40]  As such, it would be inappropriate for this Court to issue an injunction requiring the state to pay more to inmates, since any pay they receive is not constitutionally required.[41]

### D.  Plaintiff has Failed to State Any Claims Against James LeBlanc

Plaintiff names and requests relief against James LeBlanc, but Plaintiff does not allege any facts related to LeBlanc.[42]  To the extent Plaintiff seeks to hold LeBlanc responsible due solely LeBlanc's role as the Secretary of the Louisiana Department of Public Safety and Corrections, Plaintiff's claims fail.

Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that causally

---

[37] *Id.* at 763.
[38] *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1167-68 (5th Cir. 1990).
[39] *Id.* (citing U.S. CONST. amend XIII, §1).
[40] *Id.* (quoting *Mikesha v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990) (quoting *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988))). To the extent Plaintiff attempts to tie the need for higher pay to the need for medical treatment, Plaintiff has not alleged that he was refused medical services because of an inability to pay.
[41] *Id.*
[42] *See* R. Doc. 1.

result in plaintiff's injury.[43]  Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.[44]  In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[45]  Under this standard, the supervisory official must implement a policy so deficient that the policy may be considered the moving force behind a constitutional violation.[46]

Plaintiff does not make any allegation that LeBlanc was personally involved in the decisions related to Plaintiff's medical treatment, and does not make any allegations as to policies, implemented by LeBlanc, that resulted in the issues about which Plaintiff complains.  To the extent Plaintiff has named LeBlanc as a Defendant because Plaintiff requests changes to certain policies as relief,[47] because Plaintiff fails to state constitutional claims, he is not entitled to such relief.

### E.  The Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially

---

[43] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

[44] *See Iqbal*, 556 U.S. at 676, *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

[45] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[46] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

[47] As relief, Plaintiff requests that the Court order the following: "the Department of Correction [sic] to appoint a nurse 24/7 at each camp in Angola; increases in inmate pay so they can afford medical co-payments; Secretary LeBlanc to require all EMTs to have inmates sign a draw slip before money can be taken from inmate accounts; and require DOC to adhere to laws concerning deliberate indifference and prompt and adequate medical treatment.  R. Doc. 1, pp. 4 & 7.

predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[48]  Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[49]

If the recommendation is adopted, **IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on June 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[48] 28 U.S.C. § 1367.
[49] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.